UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| MALCOLM TANNER,<br><br>Plaintiff,<br><br>v.<br><br>GRANT COUNTY INDIANA, et al.,<br><br>Defendants. | CASE NO. 1:25-CV-197-HAB-ALT |

**OPINION AND ORDER**

Pro se Plaintiff Malcolm Tanner ("Tanner") is suing Defendants Grant County, Indiana, and its officials Tiffany Griffith, Angie Jarvis, Aprile Legare, and Steven Wright (collectively "Defendants") asserting numerous civil rights violations under 42 U.S.C. §§ 1983 and 1985, all related to a public tax sale in April 2023. (ECF No. 7). Plaintiff filed his original Complaint in state court (ECF No. 5), which was then removed to this Court by Defendants (ECF No. 1). Defendants now move to dismiss Tanner's Amended Complaint. (ECF No. 13). The parties have fully briefed the motion (ECF Nos. 13, 15, 17), making it ripe for consideration. For the reasons below, the motion will be GRANTED.

I.   **BACKGROUND**

On or about April 5, 2023, Grant County was scheduled to conduct a public tax sale at the Grant County Annex Building at 9:30 a.m. (ECF No. 7, ¶ 5). Prior to the sale, the location and time of the sale was changed by the Defendants—Grant County, and its officials Tiffany Griffith, Angie Jarvis, Aprile Legare, and Steven Wright (*Id.* ¶ 4)—to take place at the Grant County Fairgrounds. (*Id.* ¶ 6). Plaintiff Malcolm Tanner attended the scheduled tax sale, intending to purchase multiple properties and allegedly prepared to bid on every property available. (*Id.* ¶ 7).

Plaintiff believes the "abrupt" change in location denied him the opportunity to participate meaningfully in the sale and that this denied opportunity caused him damage. (*Id.* ¶ 8).

Nevertheless, Plaintiff contends he was able to successfully purchase a property at the rescheduled tax sale. (*Id.* ¶ 10). Afterwards, however, he alleges he was denied immediate issuance of his tax certificate and was required to present additional identification. (*Id.*). According to Plaintiff, he had never before been required to provide extra identification during prior Grant County tax sales, and he believes no one else was subjected to such requirements. (*Id.*). Plaintiff believes he was "targeted based on his identity, communications, and anticipated presence at the sale." (*Id.*).

On March 28, 2025, Plaintiff filed this action in Grant County Superior Court, bringing claims under 42 U.S.C. § 1983 and Indiana state law. (ECF No. 5). Defendants filed a notice of removal on April 24, 2025 (ECF No. 1), and Plaintiff submitted an Amended Complaint on April 28, 2025, dropping the Indiana state law claim and adding additional claims under 42 U.S.C. §§ 1983 and 1985 (ECF No. 7). On May 12, 2025, Defendants filed the instant Motion to Dismiss, seeking dismissal of all claims pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 13).

### II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, or any part of it, for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). When analyzing a motion to dismiss a claim under Rule 12(b)(6), the Court must accept the complaint's factual allegations as true and view them in the light most favorable to the plaintiff. *Brokaw v. Mercer Cnty.*, 235 F.3d 1000, 1006 (7th Cir. 2000). The allegations must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests," and the

2

"[f]actual allegations must be enough to raise a right to relief above the speculation level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and quotations omitted). To be facially plausible, the complaint must allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

The Court holds a pro se plaintiff's complaint to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). That said, the Court is not "obliged to accept as true legal conclusions or unsupported conclusions of fact." *Bielanski v. Cnty. of Kane*, 550 F.3d 632 (7th Cir. 2008). And "[t]hreadbare recitals of the elements of a cause of action, supported by merely conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678.

### III.   DISCUSSION

Plaintiff's Amended Complaint alleges four constitutional injuries he believes the Defendants—collectively—committed against him: (1) violations of his Fourteenth Amendment procedural and substantive due process rights through changing the tax sale time and location and requiring further identification before issuing the tax certificate (Count I and II); (2) a violation of the Equal Protection Clause for treating him differently than other members of the public without rational basis (Count III); and (3) retaliation in violation of the First Amendment for Defendants taking those actions while "substantially motivated by Plaintiff's anticipated speech, petitioning, and presence at the public sale," (Count IV), all under 42 U.S.C. § 1983. (ECF No. 7, ¶ 11–15). He additionally brings a claim that Defendants engaged in a conspiracy to deprive Plaintiff of his civil rights under 42 U.S.C. § 1985 (Count V). (ECF No. 7, ¶ 16).

Among the Defendants' various arguments for why Plaintiff's Amended Complaint is deficient, two fundamental issues come to the forefront: (1) the failure to specifically link the

individual defendants' personal conduct to the alleged constitutional violations; and (2) the failure to properly assert a *Monell* claim for the County's liability for the alleged violations. Defendants argue that, due to these failures, the claims should be dismissed against all defendants. Because these deficiencies are threshold issues in the Amended Complaint, the Court need not address the arguments for dismissal of the individual claims.[1]

### A. Individual Defendants

Section 1983 provides that any person who, acting under the color of law, causes the deprivation of "any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured." 42 U.S.C. § 1983.

The Court begins by noting that Plaintiff fails to identify in which capacity the individual Defendants—Griffith, Jarvis, Legare, and Wright—are being sued, as the Amended Complaint refers to them only generally as "officials" of Grant County. (ECF No. 7, ¶ 4). To the extent Plaintiff brings section 1983 claims against the individual Defendants in their official capacities, those claims are duplicative of Plaintiff's section 1983 claims against the County and must be dismissed. *See DeGenova v. Sheriff of DuPage Cnty.*, 209 F.3d 973, 974 n.1 (7th Cir. 2000) ("An official capacity suit is the same as a suit against the entity of which the officer is an agent."); *Richman v. Sheahan*, 270 F.3d 430, 439 (7th Cir. 2001) ("Richman sued Sheahan in his official capacity, and therefore the claim is against the entity of which he is an agent."). Accordingly, if

---

[1] Although the Court is not analyzing the sufficiency of the various constitutional claims, it would behoove Plaintiff to address the multiple deficiencies thhat Defendants point to in their Motion to Dismiss, should he choose to file a Second Amended Complaint. Among these deficiencies are: the failure to allege a viable property or liberty interest in participating in a tax sale (ECF No. 14, at 5); the lack of an identifiable fundamental right or liberty that would implicate a substantive due process violation (*Id.* at 7–8); the multiple deficiencies in his attempt to assert an Equal Protection claim (*Id.* at 8–10); his neglect to allege he has engaged in a First Amendment protected activity for which he could be retaliated against (*Id.* at 10); and the general lack of basis for a section 1985 conspiracy claim, including that the County itself is not amenable to a conspiracy suit (*Id.* at 11–13). These deficiencies should be rectified in any amended complaint if Plaintiff wishes to avoid another motion to dismiss.

Plaintiff intended to bring section 1983 claims against the Grant County officials in their official capacity, those claims are redundant and unnecessary because their employer is also named as a defendant and thus are dismissed with prejudice. *See Stanek v. St. Charles Cmty. Unit Sch. Dist. No. 303*, 783 F.3d 634, 644 (7th Cir. 2015) (affirming district court's dismissal with prejudice of official capacity claims against individual defendants when their employer was also named as a defendant).

Given that Plaintiff is proceeding pro se, however, the Court must liberally construe his complaint and evaluate whether he could plausibly state claims against the named defendants in their individual capacities as well. Regardless of whether Plaintiff brings these claims against the individual defendants in their official or personal capacities, however, his claims fail.

Individual liability under section 1983 "requires personal involvement in the alleged constitutional deprivation." *Colbert v. City of Chi.*, 851 F.3d 649, 657 (7th Cir. 2017); *see also Taylor v. Ways*, 999 F.3d 478, 494 n. 7 (7th Cir. 2021) ("[A] plaintiff must allege *direct* liability to maintain an individual claim under § 1983."). Thus, to state a 1983 claim against a government official, "a plaintiff must plead that each Government-official defendant, *through official's own individual actions*, violated the Constitution." *Iqbal*, 556 U.S. at 676 (emphasis added); *see also Taylor*, 999 F.3d at 493 ("[L]iability on a § 1983 equal protection claim is decided one person at a time."). Accordingly, section 1983 plaintiffs must "ground [their] legal conclusions in a sufficiently plausible factual basis" that places each defendant "on notice of what exactly [he or she] might have done to violate [the plaintiff's] rights under the Constitution [or] federal law." *Brooks v. Ross*, 578 F.3d 574, 582 (7th Cir. 2009). It is well established that vague references "to a group of 'defendants,' without specific allegations tying the individual defendants to the alleged

5

unconstitutional conduct," are insufficient. *Grieveson v. Anderson*, 538 F.3d 763, 778 (7th Cir. 2008).

Plaintiff's Amended Complaint is devoid of any specific allegations that indicate the conduct of any of the named defendants caused the alleged constitutional deprivations. Rather, his allegations make only general reference to the "Defendants" with respect to the moved tax sale and the briefly withheld tax certificate. (ECF No. 7, ¶¶ 5–16). Such allegations fall short of stating a plausible theory of individual liability against any individual defendant. *See Dickens v. Illinois*, 753 F. App'x 390, 391 (7th Cir. 2018) (affirming dismissal of pro se plaintiff's §§ 1983 and 1985 claims because of plaintiff's "failure to identify specific state actors who personally participated in the conduct of which she complains"). Plaintiff's allegations, even construed liberally, simply do not contain enough detail that would allow the Court to draw the plausible inference that the individual defendants were "personally involved" in the alleged constitutional deprivations. *See Colbert*, 851 F.3d at 657. Although the well-pleaded facts in the Amended Complaint are accepted as true, legal conclusions and conclusory allegations merely reciting the elements of a claim are not. *See Alarm Detection Sys., Inc. v. Vill. of Schaumburg*, 930 F.3d 812, 821 (7th Cir. 2019).

Accordingly, all claims against all individual defendants are dismissed without prejudice to the extent Plaintiff brings those claims against them in their personal capacities.

### B. *Monell* Liability

Defendants also seek to dismiss Plaintiff's claim under Rule 12(b)(6) for failure to sufficiently allege a *Monell* claim. (ECF No. 14, at 4).

Plaintiffs suing municipal government entities under section 1983 must plausibly allege that their constitutional rights were violated, under color of law, because of the municipality's "policy or custom." *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694

6

(1978). In addition to establishing a policy or custom, a *Monell* claim must also show "that the policy or custom demonstrates municipal fault" and "that the municipality's action was the 'moving force' behind the federal rights violation." *Bohanon v. City of Indianapolis*, 46 F.4th 669, 675 (7th Cir. 2022). These three requirements—(1) policy or custom; (2) municipal fault, and (3) "moving force" causation"—are to be "scrupulously applied" in order for courts "to avoid a claim for municipal liability backsliding into an impermissible claim for vicarious liability." *Id.* at 676.

Defendants argue the Amended Complaint fails to sufficiently allege a municipal policy or custom. "A municipal entity can be liable under section 1983 for constitutional violations only if those violations were brought about by: (1) an express policy; (2) a widespread, though unwritten, custom or practice; or (3) a decision by an agent with final policymaking authority." *Gonzalez v. McHenry Cnty., Ill.*, 40 F.4th 824, 829 (7th Cir. 2022). Defendants assert that no pleaded facts point to any of these circumstances, meaning Grant County is only named as a defendant on a theory of vicarious liability, which is impermissible under §1983. (ECF No. 14, at 5). Plaintiff declined to respond to this argument.

Even construing the Amended Complaint under the liberal pro se standard, the Court agrees there are no facts alleged that could support *Monell* liability. As best as the Court can tell, Plaintiff's claimed violations stem generally from two actions: (a) the tax sale being moved to a different time and location, and (b) issues involving the issuance of his tax certificate, which he claims was not "immediate" and was subject to a "previously unrequired demand to present additional identification." (ECF No. 7, ¶¶ 6, 10). First, nothing alleged in the Amended Complaint points to either of these actions being taken in furtherance of an express Grant County policy. Similarly, Plaintiff's own allegations refute the notion that those violations were the result of a widespread custom or practice—his equal protection claim depends entirely on these actions

happening *only* to himself as a "class-of-one." *See* ECF No. 15, at 2. Finally, though the Amended Complaint lists a number of Grant County "officials" as defendants, there are no facts to support an allegation—if Plaintiff had even hinted at one—that any of those "officials" have final policymaking authority for either decisions regarding the time and location of tax sales or how and when tax certificates are issued. *See Connelly v. Cook Cnty. Assessor's Off.*, 583 F. Supp. 3d 1142, 1149 (N.D. Ill. 2022) (dismissing complaint in which plaintiff plausibly alleged an official was a final policymaker generally, no facts supported the inference that the official had final policymaking authority for the decision sparking the alleged constitutional violation).

Defendants' motion to dismiss is, therefore, granted without prejudice as to Plaintiff's claims against Defendant Grant County.

### IV. CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss (ECF No. 13) is GRANTED. Plaintiff's section 1983 claims against the individual defendants in their official capacities is dismissed with prejudice as duplicative of his section 1983 claim against Grant County. Plaintiff's remaining federal claims against the individuals in their personal capacities and against the County are dismissed without prejudice. If Plaintiff believes he can correct the pleading deficiencies identified in this opinion, he has until October 31, 2025, to file a second amended complaint. If Plaintiff does not file a second amended complaint by that date, the dismissal will convert to a dismissal with prejudice and final judgment will be entered.

SO ORDERED on September 29, 2025.

s/ Holly A. Brady
CHIEF JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT